UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CIVIL ACTION NO.: 1:17-cv-1192 (BKS/CFH) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FRANK A. McGANN, ) | |
| MARK S. McGANN, ) | |
| MORTAGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC. as ) | |
| NOMINEE FOR FREMONT ) | |
| INVESTMENT & LOAN, ) | |
| FREMONT INVESTMENT & LOAN, and ) | |
| CITY OF WATERVLIET, ) | |
| ) | |
| Defendants. ) | |

COMPLAINT

The United States of America, with the authorization of a delegate of the Secretary of the Treasury and at the direction of a delegate of the Attorney General of the United States, brings this action pursuant to 26 U.S.C. §§ 7401, 7402, and 7403 to obtain a money judgment against Frank A. McGann ("Frank McGann") for unpaid federal income tax liabilities, to set aside or disregard fraudulent conveyances of certain property hereinafter described, and to enforce the federal tax liens with respect to Frank McGann's unpaid federal income tax liabilities upon the same property and sell the property. In support thereof, the United States alleges as follows:

Jurisdiction, Parties, and Subject Property

1. Jurisdiction over this action is conferred upon this Court under 28 U.S.C. §§ 1331, 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403.

2. Frank McGann resides within the jurisdiction of this Court.

3. Mark S. McGann ("Mark McGann") is named as a party to this action because he may claim an interest in the property upon which the United States seeks to enforce its federal tax liens.

4. Mortgage Electronic Registration Systems, Inc. as nominee for Fremont Investment & Loan is named as a party to this action because it may claim an interest in the property upon which the United States seeks to enforce its federal tax liens.

5. Fremont Investment & Loan is named as a party to this action because it may claim an interest in the property upon which the United States seeks to enforce its federal tax liens.

6. City of Watervliet is named as a party to this action because it may claim an interest in the property upon which the United States seeks to enforce its federal tax liens.

7. The property upon which the United States seeks to enforce its federal tax liens consists of real property located at 8 Idlewild Park, Watervliet, New York in Albany County (hereinafter "Subject Property"), more fully described as:

> All that certain lot, piece or parcel of land with the buildings thereon, situate on the south side of Park Avenue, in the Town of Colonie, County of Albany, State of New York, more particularly bounded and described as follows:
>
> Beginning at a point in the South side of Park Avenue about two hundred thirty-nine (239) feet westerly from the southwest corner of the Watervliet Turnpike and Park Avenue; running thence southerly on a line parallel with the Watervliet Turnpike and along the westerly line of premises conveyed by Marion B. Esmond to Margaret Hanan, by dead dated August 17, 1925, recorded in Albany County Clerk's Office in Book 761 of Deeds, page 494, about one hundred eleven (111) feet more or less to lands now or formerly of Maria Jermain; thence westerly along Jermain's northerly line about forty (40) feet; thence northerly on a line parallel with the Watervliet Turnpike about one hundred and eight (108) feet to a point in the southerly line of Park Avenue; thence easterly along the southerly line of Park Avenue forty (40) feet to the place of beginning. Being Lot No. 2 on a subdivision map of Idlewild Park made by John J. O'Hara, C.E., dated February 27, 1922 and filed in the Albany County Clerk's Office February 11, 1926.

Also all that certain tract, piece or parcel of land, with the buildings and improvements thereon, situate, lying and being in the Town of Colonie, County of Albany and State of New York, more particularly bounded and described as follows;

Beginning at a point, which point is the southeasterly corner of a certain Lot No. 2, as shown on "Sub-division Map of Idlewild Park" made by John J. O'Hara, C.E. dated February 27, 1922 and filed in the Albany County Clerk's Office, February 11, 1926., and running thence southerly, along a line, which is an extension southerly of the easterly line of said Lot No. 2, a distance of 5.0 feet, more or less, to the intersection thereof with the northerly line of Lots Nos. 63,64,65,66 and 67 as shown on a "Map of Idlewild, Property of Thomas F. Shaughnessey", filed in the Albany County Clerk's Office as Map #277, in Closet #2, Drawer #41; thence running westerly, along the northerly line of said Lots Nos. 63,64,65, 66 and 67 a distance of 40 feet more or less to the intersection thereof with the westerly line of said Lot No.2, extended southerly; thence running northerly, along said westerly line of said Lot No. 2 extended southerly, a distance of 5.0 feet, more or less, to the southwesterly corner of said Lot No.2; and thence running easterly along the southerly line of said Lot No.2, a distance of 40 feet, more or less, to the point or place of beginning.

It being the intention of convey a strip of land 5.0 feet, more or less, in width and 40 feet, more or less, in length along the rear or southerly side of said Lot No. 2, and, immediately adjacent thereto.

Being the same premises conveyed to the Party of the First Part by Deed dated May 29, 1992 and recorded in the Office of the Albany County Clerk on June 1, 1992 in Book 246 of Deeds at Page 520.

Meaning to describe the premises conveyed to Frank McGann by deed dated May 31, 2005, and recorded June 3, 2005, in the land records of the Albany County Clerk's Office in Book 2803 at Page 5.

Count I - Reduce Income Tax Liabilities to Judgment

8. On the dates set forth in the table below a delegate of the Secretary of the Treasury made income tax assessments against Frank McGann for the following tax years which remain unpaid, including interest for each tax year; penalties for failure to pay estimated income tax, failure to timely file a tax return, and failure to timely pay tax for each tax year; and fees and collection expenses for the 2000 tax year:

| *Tax Year Ending* | *Assessment Date* | *Balance Due with accruals through 02/29/2016* |
|---|---|---|
| 12/31/2000 | 10/29/2007 | $11,800.90 |
| 12/31/2001 | 10/29/2007 | $35,793.80 |
| 12/31/2003 | 10/29/2007 | $77,954.47 |
| 12/31/2005 | 08/17/2009 | $6,589.22 |
| 12/31/2006 | 04/20/2009 | $32,735.32 |
| 12/31/2007 | 05/17/2010 | $23,393.63 |
| 12/31/2008 | 06/27/2011 | $18,049.33 |

9. Notice of each income tax assessment listed in paragraph 8 and demand for its payment was properly made on Frank McGann.

10. Despite notice of the income tax assessments listed in paragraph 8 and demand for their payment, Frank McGann has failed, neglected, or refused to fully pay the assessed liabilities and there remains due and owing $206,316.67, plus statutory interest and additions from February 29, 2016.

Count II - Enforce Federal Tax Liens

11. The United States incorporates herein by reference the allegations of paragraphs 8 through 10.

12. By deed dated May 31, 2005, and recorded June 3, 2005, in the land records of the Albany County Clerk's Office in Book 2803 at Page 5, Frank McGann acquired title to the Subject Property.

13. By deed dated November 11, 2006, and recorded December 4, 2006, in the land records of the Albany County Clerk's Office in Book 2867 at Page 525, Frank McGann purportedly transferred title to the Subject Property to Frank McGann and Mark McGann.

14. Pursuant to 26 U.S.C. §§ 6321 and 6322, on October 29, 2007, the date of the assessments against Frank McGann for his 2000, 2001, and 2003 income tax liabilities, federal tax liens arose in favor of the United States upon all property and rights to property belonging to Frank McGann, including his interest in the Subject Property.

15. By deed dated December 8, 2007, and recorded October 10, 2014, in the land records of the Albany County Clerk's Office in Book 3114 at Page 994, Frank McGann purportedly transferred his interest in the Subject Property for less than adequate and full consideration in money or money's worth to Mark McGann subject to the federal tax liens securing Frank McGann's 2000, 2001, and 2003 income tax liabilities.

16. Mark McGann does not qualify as a "purchaser" of the Subject Property under 26 U.S.C. § 6323.

Count III - Set Aside 11/11/2006 Fraudulent Conveyance and Enforce Federal Tax Liens

17. The United States incorporates herein by reference the allegations of paragraphs 8 through 10.

18. By deed dated May 31, 2005, and recorded June 3, 2005, in the land records of the Albany County Clerk's Office in Book 2803 at Page 5, Frank McGann acquired title to the Subject Property.

19. By deed dated November 11, 2006, and recorded December 4, 2006, in the land records of the Albany County Clerk's Office in Book 2867 at Page 525, Frank McGann

purportedly transferred his interest in the Subject Property to Frank McGann and Mark McGann.

20. Frank McGann's purported transfer of an interest in the Subject Property to Mark McGann by deed dated November 11, 2006, was constructively fraudulent as to the United States.

21. As of November 11, 2006, the United States was a present creditor of Frank McGann.

22. As of November 11, 2006, Frank McGann had unpaid income tax liabilities for the 2000, 2001, 2003, and 2005 tax years.

23. Frank McGann's purported transfer of an interest in the Subject Property to Mark McGann by deed dated November 11, 2006, was made without fair consideration.

24. Under New York law Frank McGann is presumed to have been insolvent at the time of his purported transfer of an interest in the Subject Property to Mark McGann by deed dated November 11, 2006.

Count IV - Set Aside 12/08/2007 Fraudulent Conveyance and Enforce Federal Tax Liens

25. The United States incorporates herein by reference the allegations of paragraphs 8 through 10.

26. By deed dated May 31, 2005, and recorded June 3, 2005, in the land records of the Albany County Clerk's Office in Book 2803 at Page 5, Frank McGann acquired title to the Subject Property.

27. By deed dated November 11, 2006, and recorded December 4, 2006, in the land records of the Albany County Clerk's Office in Book 2867 at Page 525, Frank McGann purportedly transferred his interest in the Subject Property to Frank McGann and Mark McGann.

28. By deed dated December 8, 2007, and recorded October 10, 2014, in the land records of the Albany County Clerk's Office in Book 3114 at Page 994, Frank McGann purportedly transferred his interest in the Subject Property to Mark McGann.

29. Frank McGann's purported transfer of his interest in the Subject Property to Mark McGann by deed dated December 8, 2007, was constructively fraudulent as to the United States.

30. As of December 8, 2007, the United States was a present creditor of Frank McGann.

31. As of December 8, 2007, Frank McGann had unpaid income tax liabilities for the 2000, 2001, 2003, 2005, and 2006 tax years.

32. Frank McGann's purported transfer of his interest in the Subject Property to Mark McGann by deed dated December 8, 2007, was made without fair consideration.

33. Under New York law Frank McGann is presumed to have been insolvent at the time of his purported transfer of his interest in the Subject Property to Mark McGann by deed dated December 8, 2007.

WHEREFORE, the United States requests that this Court:

(1) enter judgment in favor of the United States and against Frank McGann in the amount of $206,316.67, plus statutory interest and additions from February 29, 2016, for his unpaid income tax liabilities for the 2000, 2001, 2003, and 2005 through 2008 tax years;

(2) determine and adjudge that the federal tax liens securing Frank McGann's 2000, 2001, and 2003 income tax liabilities continue to attach to the Subject Property;

(3) determine and adjudge that Frank McGann's purported transfer of an interest in the Subject Property to Mark McGann by deed dated November 11, 2006, was constructively fraudulent as to the United States and set aside the transfer to the extent necessary to

satisfy Frank McGann's 2000, 2001, 2003, and 2005 income tax liabilities or disregard the transfer and allow the federal tax liens securing Frank McGann's 2000, 2001, 2003, and 2005 income tax liabilities to attach to the property;

(4)  determine and adjudge that Frank McGann's purported transfer of his interest in the Subject Property to Mark McGann by deed dated December 8, 2007, was constructively fraudulent as to the United States and set aside the transfer to the extent necessary to satisfy Frank McGann's 2000, 2001, 2003, 2005, and 2006 income tax liabilities or disregard the transfer and allow the federal tax liens securing Frank McGann's 2000, 2001, 2003, 2005, and 2006 income tax liabilities to attach to the property;

(5) order that the federal tax liens upon the Subject Property be enforced and that the property be sold in a judicial sale, according to law, free and clear of any right, title, lien, claim or interest of the parties herein, and that the proceeds of the sale be distributed to the United States toward satisfaction of Frank McGann's unpaid income tax liabilities for the 2000, 2001, 2003, 2005, and 2006 income tax liabilities and to such other parties in such amounts as this Court determines; and

(6) award the United States its costs and such further relief as the Court deems just and proper.

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General
U.S. Department of Justice


/s/ *Karen Wozniak*
KAREN WOZNIAK
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C.  20044
Telephone:  (202) 307-1927
Facsimile:  (202) 514-5238
E-mail:  karen.e.wozniak@usdoj.gov