**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

        Plaintiff,    1:17-cv-01192 (BKS/CFH)

v.

FRANK A. McGANN; MARK S. McGANN; HSBC
BANK USA, NATIONAL ASSOCIATION, as TRUSTEE
FOR FREMONT HOME LOAN TRUST 2005-C,
MORTGAGE-BACKED CERTIFICATES, SERIES 2005-
C; OCWEN LOAN SERVICING, LLC; and TOWN OF
COLONIE,

        Defendants.

---

**Appearances:**

*For Plaintiff*:
Richard E. Zuckerman
Karen Wozniak
U.S. Department of Justice Tax Division
P.O. Box 55, Ben Franklin Station
Washington, DC 20044

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I. INTRODUCTION**

Plaintiff United States of America brings this civil tax enforcement action to obtain a money judgment against Defendant Frank A. McGann for unpaid federal income tax liabilities (Count I); to set aside or disregard fraudulent conveyances of real property located in the Town of Colonie at 8 Idlewild Park, Watervliet, New York (Counts III and IV); and to enforce the federal tax liens relating to Frank McGann's unpaid federal income tax liabilities upon the

property and sell the property (Count II).[1] (Dkt. No. 4, at 1). Presently before the Court is Plaintiff's motion under Rule 55(b) of the Federal Rules of Civil Procedure for a default judgment against Defendant Frank McGann for his unpaid income tax liabilities—i.e., a partial default judgment against Frank McGann as to Count I only. (*See* Dkt. No. 36). For the reasons set forth below, Plaintiff's motion is granted.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Amended Complaint alleges that the U.S. Treasury made income tax assessments against Frank McGann for tax years ending 2000, 2001, 2003, 2005, 2006, 2007, and 2008, all of which remain unpaid. (Dkt. No. 4, ¶ 8). Although he was provided with notice of each income tax assessment and presented with demand for its payment, (*id.* ¶ 9), Frank McGann "has failed, neglected, or refused to fully pay the assessed liabilities," (*id.* ¶ 10). The balance due—including interest for each tax year;[2] penalties for failure to pay estimated income tax, failure to timely file a tax return, and failure to timely pay tax for each tax year; and fees and collection expenses for the 2000 tax year—amounted to $206,316.67 as of February 29, 2016. (*Id.* ¶¶ 8, 10). As of July 10, 2018, the balance due was $227,417.20. (Dkt. No. 36-1, ¶ 5). These balances take into account the levy payments that Frank McGann made toward the 2000 income tax liabilities, but no other payments were made toward the income tax liabilities. (*Id.* ¶¶ 8–10).

---

[1] Plaintiff's Amended Complaint also names Mark S. McGann, Mortgage Electronic Registration Systems, Inc. ("MERS"), Ocwen Loan Servicing LLC ("Ocwen"), and the City of Watervliet as defendants that "may claim an interest in the property upon which the United States seeks to enforce its federal tax liens." (Dkt. No. 4, ¶¶ 3–6). Mark McGann answered the Amended Complaint on February 5, 2018. (Dkt. No. 17). Since the filing of the Amended Complaint, HSBC Bank USA, National Association, as Trustee for Fremont Home Loan Trust 2005-C, Mortgage-Backed Certificates, Series 2005-C ("HSBC"), and the Town of Colonie have been substituted for MERS and the City of Watervliet, respectively. (Dkt. Nos. 22, 31). Further, HSBC and Ocwen have been excused from participating in further matters associated with this action until a motion for order of sale is filed. (Dkt. No. 22). It appears that the Town of Colonie was served with the Amended Complaint on July 2, 2018, and has failed to file an answer. (Dkt. No. 34).

[2] If income tax liabilities are unpaid by the last date prescribed for payment, interest on such liabilities must be paid "for the period from such last date to the date paid," and is computed "at the underpayment rate" established under the Internal Revenue Code—which generally is the federal short-term rate, determined quarterly, plus three percentage points. 26 U.S.C. §§ 6601(a), 6621(a)(2). Interest is compounded daily. *Id.* § 6622(a).

Plaintiff filed this action on October 26, 2017, (Dkt. No. 1), and filed an Amended Complaint on November 28, 2017, (Dkt. No. 4), which was served on Frank McGann on March 23, 2018, (Dkt. No. 24). Frank McGann did not answer the Complaint or the Amended Complaint, and never made an appearance in this action. (Dkt. Nos. 23, 28). At Plaintiff's request, the Clerk entered Frank McGann's default on May 22, 2018. (Dkt. No. 28). On July 12, 2018, Plaintiff filed and served the present motion for a default judgment against Frank McGann. (Dkt. No. 36). Frank McGann did not respond.

## III. DISCUSSION

### A. Default Judgment Standard

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *see also* L.R. 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment . . . is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded"). Second, under Rule 55(b), the plaintiff must "apply to the court for entry of a default judgment." *Priestly*, 647 F.3d at 505; *see also* Local Rule 55.2(b) ("A party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of

default . . . a proposed form of default judgment, and a copy of the pleading to which no response has been made.").[3]

B. **Liability**

By failing to answer the Amended Complaint, Defendant is deemed to have admitted the factual allegations in the Amended Complaint. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability."); *Rolex Watch, U.S.A., Inc. v. Pharel*, No. 09-cv-4810, 2011 WL 1131401, at *2, 2011 U.S. Dist. LEXIS 32249, at *5–6 (E.D.N.Y. Mar. 11, 2011) ("In considering a motion for default judgment, the court will treat the well-pleaded factual allegations of the complaint as true, and the court will then analyze those facts for their sufficiency to state a claim."). But before entering default judgment, the Court must review the allegations to determine whether Plaintiff has stated a valid claim for relief. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Telequip Corp. v. Change Exch.*, No. 01-cv-1748, 2004 WL 1739545, at *1, 2004 U.S. Dist. LEXIS 14892, at *3 (N.D.N.Y. Aug. 3, 2004).

Under 26 U.S.C. §§ 7401 and 7402, the government may bring a civil action in federal district court to collect unpaid federal taxes. *See United States v. Myers*, 236 F. Supp. 3d 702, 708 (E.D.N.Y. 2017). The government may also seek to recover statutory interest and penalties on the unpaid taxes. *See* 26 U.S.C. §§ 6601, 6621, 6622; *United States v. Schwartz*, No. 12-cv-5685, 2013 WL 5746236, at *2, 2013 U.S. Dist. LEXIS 147151, at *3 (E.D.N.Y. Aug. 4, 2013), *report-recommendation adopted*, 2013 WL 5574567, 2013 U.S. Dist. LEXIS 146279 (E.D.N.Y. Oct. 9, 2013). Here, Plaintiff has pleaded facts sufficient to establish Frank McGann's liability for unpaid federal taxes, interest, and penalties. (*See* Dkt. No. 4, ¶¶ 8–10). Accordingly, taking

---

[3] Although Plaintiff seeks entry of a default of judgment by the Clerk under Rule 55(b)(1) and Local Rule 55.2(a), (Dkt. No. 29), the Court has reviewed Plaintiff's motion under Rule 55(b)(2) and Local Rule 55.2(b).

the factual allegations in the Amended Complaint as true, Plaintiff has adequately stated its tax liability claim against Frank McGann.

C.     **Damages**

"[I]t is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup*, 973 F.2d at 158). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Id.* (citing Fed. R. Civ. P. 55(b)(2)). A hearing is not necessary where the record contains detailed affidavits and documentary evidence that enables the Court to evaluate the proposed sum and determine an award of damages. *See Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) ("Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages."); Fed. R. Civ. P. 55(b)(2) ("The court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.").

Here, Plaintiff submitted declarations with attached Internal Revenue Service records relating to Frank McGann's tax liability. (*See* Dkt. Nos. 36-1, 36-2). These income tax assessment records, which are entitled to a presumption of correctness, *see United States v. McCombs*, 30 F.3d 310, 318 (2d Cir. 1994), show that the balance due on Frank McGann's tax liabilities for the 2001, 2001, 2003, 2005, 2006, 2007, and 2008 tax years was $227,417.20 as of July 10, 2018. (Dkt. No. 36-1, ¶ 5). Having reviewed these declaration and records, the Court

finds that there is a sufficient evidentiary basis to award a money judgment. *See United States v. Bowman*, No. 16-cv-1388, 2017 WL 2610507, at *3, 2017 U.S. Dist. LEXIS 92859, at *6–7 (N.D.N.Y. June 16, 2017) (concluding that a hearing was not required where the government's affidavits and tax assessment records provided a basis for awarding a default judgment in the amount requested).

### D. Rule 54(b) Certification

Because Plaintiff only moves for default judgment on the claim against Frank McGann for his unpaid tax liabilities (Count I), the Court must examine whether Rule 54(b) of the Federal Rules of Civil Procedure allows entry of final judgment as to that claim only. *See* Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."). The Court "must first determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). A "final judgment" is "a decision upon a cognizable claim for relief . . . [that] is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Second, the Court must analyze whether the claim on which final judgment is sought is "separable" or "extricable" from the remaining claims. *See Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1096 (2d Cir. 1992). And finally, the Court must consider whether there is any just reason for delay—a decision that is entrusted to the sound discretion of the district court. *See Curtis-Wright*, 446 U.S. at 8.

Here, it is clear that the Court's disposition of Count I is "final." Indeed, "[b]ecause damages are for a sum certain set by statute and liability is established by default, nothing remains to be done on the claim against [Frank McGann] other than entry and execution of

judgment." *Amalgamated Serv. & Allied Indus. Joint Bd. v. Supreme Hand Laundry, Inc.*, 182 F.R.D. 65, 67 (S.D.N.Y. 1998). Further, Count I is separate and extricable from the other claims, as it only concerns Frank McGann's personal liability for unpaid income taxes and does not involve joint, or even joint and several, liability. *See Mitchell v. Lyons Prof'l Servs., Inc.*, 727 F. Supp. 2d 116, 119 (E.D.N.Y. 2010) (explaining that, "when less than all defendants have defaulted," entry of final judgment against a defaulting defendant should be deferred in cases involving true joint liability and sometimes in cases involving joint and several liability). Lastly, the circumstances of this case present no just reason to delay entry of a partial final judgment against Frank McGann as to Count I only. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) (affirming district court's Rule 54(b) certification that there was no just reason for delay where the issues disposed of were "entirely unrelated" to the claims remaining to be tried). Therefore, the Court grants Plaintiff's motion for a default judgment against Frank McGann on Count I in the amount of $227,417.20, plus statutory interest and additions from July 10, 2018.

### IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for default judgment against Frank McGann as to Count I (Dkt. No. 36) is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court is directed to enter a default judgment in Plaintiff's favor against Defendant Frank McGann in the amount of $227,417.20, plus statutory interest and additions from July 10, 2018, for unpaid income tax liabilities for the tax years ending on December 31 of the years 2000, 2001, 2003, 2005, 2006, 2007, and 2008.

**IT IS SO ORDERED.**

Dated: October 11, 2018
      Syracuse, New York

                                            */s/ Brenda K. Sannes*
                                            Brenda K. Sannes
                                            U.S. District Judge